Stewart, J.
The sole question involved in this case is whether one tenant in common of real property living in and solely occupying the premises for a period of years is liable to his cotenant for a proportionate share of the fair value of such use and occupancy.
The Court of Common Pleas held that the tenant out of possession is entitled to recover, but the Court of Appeals held to the contrary.
At common law one cotenant cannot be compelled to account to another for rents and profits received from the jointly or commonly held land. To remedy this situation, the Statute of Anne (4 Anne, Ch. 16, Sec. 27) was passed by the English Parliament, which statute provides:
“Actions of account shall and may be brought and maintained * * * by one joint tenant and tenant in common * * * against the other, as bailiff for receiving more than comes to his just share or proportion * * V’
The English cases decided subsequent to the Statute of Anne held that mere use and occupation by a tenant in common did not create a liability against him in favor of his cotenants. Henderson v. Easen, 17 Ad. & El. N. S., 701, 718.
The only thing allowed to be recovered by the ten *507 ant out of possession from the one in possession was that share of the receipts in excess of that to which the tenant in possession was entitled.
Under the Statute of Anne and the common law founded thereon, neither a joint tenant nor a tenant in common occupying alone the property is liable to his cotenants for rent on account of his own use and occupation unless some hostile acts on his part are shown to constitute an adverse possession and actual ouster of his cotenants. 4 Thompson on Real Property (Perm. Ed.), 434, Section 1911, and cases cited thereunder.
Since in the present case there is no evidence that plaintiff occupied the premises involved adversely to defendants or did any act excluding defendants from the premises and since she occupied a six-room brick and stucco house on the premises and exercised control over the garage connected therewith without prohibiting the entrance thereto by defendants, she would not be liable to defendants under the common law and Statute of Anne, and, if nothing else were involved, the judgment of the Court of Appeals would be correct. However, as stated in 4 Thompson on Real Property (Perm. Ed.), 438, Section 1914, “in several states, however, the Statute of Anne and the common law founded upon it have been changed by enactments which in effect make a joint tenant or a tenant in common, who retains exclusive possession of the property, liable to his cotenants for their share of the rental value or benefits of such use and occupation.”
Ohio is one of those states.
Section 12046, General Code, provides:
‘‘ One tenant in common, or coparcener, may recover from another his share of rents and profits received by such tenant in common or coparcener from the estate, according to the justice and equity of the case. One parcener may maintain an action of waste against *508 another. But no parcener shall have any privileges over another, in any election, division, partition, or matter to be made or done, concerning lands which have descended.”
This section of the Code was formerly Section 5774, Revised Statutes, which was construed in the case of West v. Weyer, 46 Ohio St., 66, 18 N. E., 537. The first paragraph of the syllabus in that case reads as follows:
“By virtue of Section 5774 (Revised Statutes), which provides that one tenant in common may recover from another his share of rents and profits received by such tenant in common from the estate, ‘ according to the justice and equity of the case, ’ a tenant in common who uses the common estate simply to pasture his cattle, is liable to account to his cotenants for their share of the value of such use as for rents and profits received.”
The West case was an action originally brought for partition of real estate and for an accounting of the rents and profits received by West, a tenant in common in possession of the lands. It was tried on appeal in the Circuit Court.
West and Weyer were tenants in common of 146 acres of land, 100 acres of which were in pasture and the remainder in woods. There were no improvements on the land. West owned the land adjoining the commonly held land on three sides. There was no fence between West’s land and the commonly held land.
West’s solely owned land contained about 400 acres on which he pastured 100 head of cattle each year, which cattle had access to and pastured upon the common land.
West had ample pasture for his own use without using the common land but he could not have used his own pasture exclusively unless he had erected a fence separating his solely owned land from the common land.
*509 West did not cultivate or crop the common land or receive any rent therefor from others or make any use of the same. He did not occupy the common land adversely to any of his cotenants nor did he exclude any of them from the possession thereof. He did not occupy the common land under any lease or contract with any of his cotenants to pay rent therefor, nor did any of his cotenants ask or demand possession of the premises or any share of the rents and profits thereof prior to the commencement of the partition suit.
West occupied the common land for one year after the commencement of the suit, under the same circumstances as before, and paid taxes thereon before the commencement of the action.
The Circuit Court held that West was liable to account to the other tenants in common for his use and occupation of the common land for the full period of six years prior to the commencement of the partition suit, at the yearly value of $150, found to be the fair rental value of the premises, with interest on the annual installments of rent due, and for the year after the commencement of the action, with interest, and that West was entitled to credit for his several payments of taxes.
This court affirmed the judgment of the Circuit Court with the exception of the item of interest, holding that, where no demand has been made upon a tenant in common either for the possession of the premises or for the value of their use before the commencement of an action for such value, he is not liable to account for interest upon the amount found due his cotenants for such use.
Owen, C. J., in his opinion in the West ease, after discussing the common law and the Statute of Anne, said:
“The question does not rest, however, upon a construction of the Statute of Anne nor upon its assumed *510 similarity with our own. In framing the latter the General Assembly departed from the phraseology of the English statute. The language, which in the latter limited the liability of the tenant in possession to that of bailiff, is omitted. The words ‘ rents and profits’ are added. Then we are not at liberty to conclude or say that the words, 'according to the justice and equity of the case, ’ were added without a purpose. This court has said in Conard v. Conard, 38 Ohio St., 467, construing this statute: ‘The action given by the statute is a “civil action” for rents and profits “received” by a cotenant in excess of his full share, “according to the justice and equity of the case.” The case made upon this record is not an action for the recovery of money merely, but for an account according to the principles of equity, in which neither party had a right of trial by jury. In this respect, at least, our statute differs from the English Statute of 4 Anne, C. 16, Sec. 27, which gave an action at law against a cotenant as bailiff.’
“We conclude that the voluntary and profitable use, occupation and enjoyment by a tenant in common of the common estate creates a liability against him to account to the out-tenant as for his share of the rents and profits received by the former, according to the justice and equity of the case.”
It seems to us that the West case is controlling as to the situation in the present case.
West simply occupied the pasture land of which he was a tenant in common. He exhibited no claim of adverse possession, excluded no cotenant and received no rents or profits from any third person, but nevertheless was required to pay his cotenants their proportionate share of the fair rental value of the common land.
In the present case it is argued that plaintiff simply occupied a part of the house in which she and her *511 husband had lived. However, it must be remembered that any portion of the house she occupied did not belong to her exclusively. She had an undivided one-half interest in the whole premises, and since there had been no partition she had only an undivided one-half interest in any part of the premises, the other undivided one-half interest belonging to the defendants. It follows that whatever portion of the premises she occupied she was an owner of only an undivided one-half interest therein and, therefore, received a benefit from the one-half belonging to her cotenants. As a matter of fact, the premises consisted of a six-room house with a garage, and she was in sole possession thereof. By renting the garage and keeping the money, without any notice thereof to defendants, she was exercising a control over the whole premises.
In the West case the occupying cotenant received a benefit by his cattle pasturing on the common land although he had ample other pasture. He was, nevertheless, required to account to his cotenants for their share of the fair rental value of the land.
In the present case plaintiff received value by occupying the premises as a home, rent free, and, therefore, under the doctrine of the West case, is obligated to account to her cotenants for their share of the fair rental value of the occupancy.
We are of the opinion that there is no difference in principle between the West case and the present one.
The judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration of the assignments of error in that court which were not considered in its judgment.

Judgment reversed.

Middleton, Taet and Matthias, JJ., concur.
Weygandt, C. J., Zimmerman and Hart, JJ., dissent.